UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )                                | |
| Plaintiff,                       ) | |
| )                                | |
| vs.                              ) | Crim. No. 07-10003 |
| )                                | |
| PRODION D. WARD,                 ) | |
| )                                | |
| Defendant.                       ) | |

**DEFENDANT'S COMMENTARY ON SENTENCING FACTORS**

Now comes the Defendant PRODION D. WARD by his attorney ROBERT A. ALVARADO and requests this court to impose a sentence of 120 months imprisonment after considering all the factors contained in 18 U.S.C. 3553(a), as well as the value of assistance provided to the Government by Mr. Ward (pursuant to 18 U.S.C. 3553(e)).  In support, Mr. Ward submits the following memorandum of law concerning the interaction of the Seventh Circuit's recent decision in *United States v. Chapman*, ___F.3d___, (7th Cir. 2008):

**I.      This court has authority to consider § 3553(a) factors in conjunction with a § 3553(e) motion to sentence a defendant below the statutory mandatory minimum.**

Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the Seventh Circuit's recent decision in *United States v. Chapman*, ___ F.3d ___ (7th Cir. 2008), 2008 WL 2685421, a district court was prohibited from considering 18 U.S.C. § 3553(a) factors when deciding whether, and to what extent, to grant the government's motion pursuant to 18 U.S.C. § 3553(e) to sentence a defendant below the statutory mandatory minimum sentence based upon a defendant's substantial assistance in the investigation or prosecution of another individual. *United States v. Thomas*, 930 F.2d 526, 528-29 (7th Cir. 1991).  *See also, United States v. Crickon*, 240 F.3d

652, 655 (7th Cir. 2001); *United States v. Canoy*, 38 F.3d 893, 905 (7th Cir. 1994); *United States v. DeMaio*, 28 F.3d 588, 590 (7th Cir. 1994); and *United States v. Thomas*, 11 F.3d 732, 737 (7th Cir. 1993). However, the opinions in *Booker* and *Chapman* have undermined the prior precedents in this circuit to the extent that they have been effectively overruled.

   A.   *Thomas*'s interpretation of § 3553(e) erroneously relies on the then-mandatory Guidelines to interpret the meaning of the statute

Title 18, United States Code section § 3553(e) provides in relevant part.

> **(e) Limited authority to impose a sentence below a statutory minimum.**–Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e). In *Thomas,* the Seventh Circuit for the first time considered whether a district court could consider factors other than substantial assistance when ruling upon a departure motion under this statute. The court relied upon the language of § 3553(e) to conclude that a court could only consider cooperation related facts when departing. *Thomas*, 930 F.3d at 528-29. The sum total of the court's statutory analysis was as follows:

> Section 3553(e) authorizes departures upon government motion "*so as to reflect a defendant's substantial assistance* in the investigation or prosecution of another person who has committed an offense." This language clearly supports the government's view that only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under § 3553(e).

*Thomas*, 930 F.3d at 528-29 (emphasis in the original). In reaching this conclusion, the court relied upon the then mandatory sentencing Guidelines.

Specifically, after its brief reference to the statute, the court at length cited the language of the then mandatory U.S.C. § 5K1.1 to "further butress[] the government's reading":

> That policy statement contains a list of factors that the sentencing court may consider to arrive at "the appropriate reduction" when departing downward on the basis of

> substantial assistance rendered to the government. The list is not intended to be exhaustive, but each of the factors listed concerns circumstances bearing upon the significance of a defendant's cooperation, such as its utility, reliability, risk, and timeliness. Had the Sentencing Commission wished to permit courts to consider factors unrelated to the quality of the defendant's cooperation when departing because of that cooperation, it seems likely that it would have promulgated a list of examples encompassing factors unrelated to cooperation. Courts probably invoke interpretive maxims too often, but the principle of *ejusdem generis* seems to have such force in this case that we feel obliged to trot it out. "The purpose for defining the class by illustrative particularization accompanied by a general catchall reference is to determine how extensively the act was intended or should reasonably be understood to apply." 2A C. Sands, Statutes and Statutory Construction § 47.18 at 177 (4th ed. 1984). *We therefore conclude that § 5K1.1 permits departure only on the basis of the quality of the assistance rendered.*

*Thomas*, 930 F.2d at 529 (emphasis added). Note that although the court purports to rule on how the *statute*, § 3553(e), should be read, the court's analysis is entirely dependent upon its reading of a guideline provision, going so far as citing § 5K1.1 rather than the statute under consideration.

Of all the other cases in the Seventh Circuit to consider this same issue *(see United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001); *United States v. Canoy*, 38 F.3d 893, 905 (7th Cir. 1994); *United States v. DeMaio*, 28 F.3d 588, 590 (7th Cir. 1994); and *United States v. Thomas*, 11 F.3d 732, 737 (7th Cir. 1993), only *Thomas II* contains any reasoning beyond simple reliance upon the court's holding in *Thomas I*. Specifically, in *Thomas II*, the court stated that "[t]he mandatory language of 21 U.S.C. § 841(b)(1)(A) [setting forth the mandatory minimum] and the expressly limited exception granted in 18 U.S.C. § 3553(e), convince us that *a downward departure from the statutory minimum sentence for any purpose other than that provided in U.S.S.G. § 5K1.1 would conflict with and therefore violate the statue.*" *Thomas II,* F.3d at 737 (emphasis added). Again, the Seventh Circuit relied upon a reference to the then mandatory sentencing guidelines to support its analysis.

**B.    In light of the Supreme Court's decision in *Booker*, Section 3553(e) should be interpreted in light of § 3553(a), rather than Guideline § 5K1.1.**

The Supreme Court's decision in *Booker* fundamentally altered the manner in which sentences are imposed, making the Guidelines advisory and elevating 18 U.S.C. § 3553(a) factors

as the dominant consideration at sentencing. *Booker*, 543 U.S. at 245. Given that § 3553(a) factors are now the touchstone of the federal sentencing regime, the language of § 3553(e) should be interpreted in light of § 3553(a), rather than Guideline section 5K1.1. In other words, rather than interpreting § 3553(e) in a way to make it consistent with the limitations contained in § 5K1.1 as the court in *Thomas* did, court must now interpret § 3553(e) in a manner consistent with the sentencing process set forth in § 3553(a).

Section 3553(a) states that "[t]he court, in determining the particular sentence to be imposed, *shall* consider" the enumerated factors set forth in the statute. 18 U.S.C. § 3553(a) (emphasis added). Note that the directive contained in § 3553(a) is unqualified, *i.e.,* its use of the term "shall" does not make an exception for a sentence imposed pursuant to a § 3553(e) motion. Accordingly, § 3553(e) should be interpreted in light of this unqualified directive contained in § 3553(a).

Reading the statute in this light, there is nothing in the plain language of § 3553(e) which prohibits the consideration of § 3553(a) factors. The *Thomas* court, viewing the statute through the prism of the then mandatory guidelines, relied upon the phrase "so as to reflect a defendant's substantial assistance" to read a limitation into the statute. However, when doing so, it is clear that the court neglected to consider the impact of § 3553(a). Indeed, *Thomas* and all of the published cases in this circuit which refer to it nowhere cite § 3553(a) for any reason. The reason for this neglect is obvious–the mandatory guidelines rendered § 3553(a) irrelevant.

When one properly considers the phrase "so as to reflect a defendants's substantial assistance" in light of § 3553(a), there is nothing in this phrase which explicitly limits a district court's ability to also consider § 3553(a) factors. To be sure, § 3553(e) requires the sentence imposed to reflect the defendant's substantial assistance, but such a sentence can not only reflect that factor, but also the factors set forth in § 3553(a) without contradicting the language of the statute. Given the blanket directive contained in § 3553(a) that the court "shall" consider the factors enumerated therein, a reading of this statute in conjunction with § 3553(e) is best understood to

require that a district court consider the § 3553(a) factors *as well as* the defendant's substantial assistance as required by § 3553(e).[1]

### C. *Chapman* properly interprets Rule 35(b) with reference to § 3553(a), and § 3553(e) should be interpreted using the same approach.

Until the Seventh Circuit's decision in *Chapman*, the court had never considered what, if any, limitations applied to the factors a judge may rely upon when considering a Rule 35(b) motion. In *Chapman*, the government filed Rule 35(b) motions to reduce the sentences of two defendants who provided substantial assistance to the government. In defendant Chapman's case, the government specifically requested that the court reduce his offense level by two levels and impose a sentence at the bottom of the new range. In defendant Frank's case, the government made no specific recommendation for a new sentence, but defense counsel suggested a 5-level reduction. The defendants both made arguments that the district court should reduce their sentences further based upon § 3553(a) factors, arguing that the extent of their cooperation was greater than the typical case and that greater reductions would prevent unwarranted sentencing disparity among like defendants.

Judge Shabaz granted both Rule 35(b) motions. However, in Chapman's case, he reduced the defendant's offense level by two, but imposed a sentence at the high end of the new range contrary to the recommendation of the parties. In Frank's case, the judge granted only a one-level reduction and imposed a sentence at the high end of the new range. Regarding the defendants' § 3553(a) arguments, the court rejected them in both cases. In choosing the reductions it did, the district court stated that the respective sentences would hold each defendant "accountable for his

---

[1] Although the Seventh Circuit has not reconsidered in a published opinion *Thomas* and its progeny since the decision in *Booker*, it has reaffirmed *Thomas* in two unpublished orders. *United States v. Proctor*, 2008 WL 2178127 (7th Cir.); and *United States v. Crayton*, 259 Fed. Appx. 889 (7th Cir. 2008). However, both of these cases were decided in the context of *Anders* briefs, without advocacy on the part of defense counsel or the government. Moreover, although these cases cite decisions from other circuits which reaffirmed the holding in *Thomas* after *Booker*, none of these decisions discuss the fact that *Thomas* relied upon mandatory guidelines when interpreting § 3553(e). *See United States v. Mangaroo*, 504 F.3d 1350, 1355 (11th Cir. 2007) (citing § 5K1.1 as a basis for limiting § 3553(e) motions); *United States v. Williams*, 474 F.3d 1130, 1131-32 (8th Cir. 2007).

criminal conduct while factoring in his substantial assistance." *Chapman*, 2008 WL 2685421 at *2.

On appeal, the defendants first argued that the district court imposed their sentences in violation of the law because the district court focused improperly upon their criminal histories and the nature of their crimes, factors already considered at their original sentencing. The Seventh Circuit held that "the district court did not act in violation of the law when considering these factors in determining the extent of the reductions granted under Rule 35(b)." *Chapman*, 2008 WL 2685421 at *3. The court found that "[n]othing in the text of Rule 35(b) limits the factors that may militate against granting a sentence reduction or for granting a smaller reduction than requested." *Chapman*, 2008 WL 2685421 at *3. Rather, "a faithful and pragmatic adherence to the mandate of 18 U.S.C. § 3553(a) counsels that the nature and extent of any reduction be determined in light of all the sentencing factors set forth in the statute." *Chapman*, 2008 WL 2685421 at *3.

The court also held that the district court could consider § 3553(a) factors when deciding to impose a sentence which reflected *more than* cooperation. Specifically, the defendants in *Chapman* argued that the district court erred when it refused to consider their non-frivolous arguments in favor of greater sentence reductions. *Chapman*, 2008 WL 2685421 at *3. As noted above, both defendants relied upon § 3553(a) factors when arguing for greater reductions than warranted by their cooperation alone. The court found that the district court did in fact consider the defendants' arguments, as well as a number of other 3553(a) factors. *Chapman*, 2008 WL 2685421 at *4. In discussing this argument, the court made clear that a district court had unfettered discretion to consider § 3553(a). The court stated:

> Although the court did not mention the phrase "sentencing disparity" in either of its opinions, it did emphasize other relevant section 3553(a) factors....It further noted that the imposed sentences were "reasonable, responsible, relevant and necessary to accomplish these purposes set forth in 18 United States Code Section 3553(a)....Here, the court did not evidence a misapprehension about its authority to consider the section 3553 factors on a Rule 35(b) motion; nor did it suggest that it refused to consider those factors. Indeed, the court stated that it *did* consider the relevant section 3553(a) factors, and it believed that the sentences that it imposed were necessary to account for the defendants' criminal history and conduct. We have little reason to doubt that the district court considered the factors that it did.

*Chapman*, 2008 WL 2685421 at *5.

This language makes clear that the defendants' arguments for a greater reduction based upon general § 3553(a) factors were appropriate and the that the district court had authority to consider them. *Chapman*, 2008 WL 2685421 at *4.

Importantly, the court in *Chapman* read the language in Rule 35(b) in light of the mandate contained in § 3553(a), as evidenced by its statement that "a faithful and pragmatic adherence to the mandate of 18 U.S.C. § 3553(a) counsels that the nature and extent of any reduction be determined in light of all the sentencing factors set forth in the statute." *Chapman*, 2008 WL 2685421 at *3. In other words, the court employed precisely the approach advocated in Subsection B above–namely, that the operative language in Rule 35(b) (and by inference § 3553(e)) be read in light of § 3553(a).

In reaching this conclusion, the court emphasized the important policy considerations which favor an approach which respects § 3553(a). Specifically, the court noted that "post-arrest cooperation cannot be assessed in a vacuum." *Chapman*, 2008 WL 2685421 at *3. Rather, cooperation is "best determined by assessing that cooperation in light of earlier criminal history and the nature of the crime for which the defendant is presently being sentenced." *Chapman*, 2008 WL 2685421 at *3." Likewise, the nature and characteristics of the defendant, also § 3553(a) factors, are relevant to view cooperation in its proper context. For example, a defendant's education, mental heath, drug history (or lack thereof), relevant work history, life experiences, etc., are all relevant to evaluating the witnesses credibility and, consequently, the value of his cooperation. *Chapman* rightly allows the court to consider cooperation in light of all these factors.

D.   **Interpreting Rule 35(b) and § 3553(e) differently would lead to absurd results.**

Interpreting both Rule 35(b) and § 3553(e) to allow a district court to consider § 3553(a) factors results in uniform treatment for both types of motions. Specifically, whether a defendant receives a reduction for substantial assistance at the time he is originally sentenced or later, pursuant to Rule 35(b), the district judge may consider the same set of factors when deciding what sentence

to impose. Imposing two different standards for Rule 35(b) and § 3553(e) motions would lead to absurd or undesirable results.

Prohibiting the consideration of § 3553(a) factors at the original sentencing hearing when a § 3553(e) motion is filed but allowing them to be considered at a Rule 35(b) hearing makes the consideration of § 3553(a) factors entirely dependent upon the arbitrary fact of when a departure motion is filed. For example, if a defendant completed his cooperation prior to his sentencing hearing and the government filed a § 3553(e) motion, a literal reading of the holding in *Thomas* would prohibit the court from considering any § 3553(a) factors when imposing the sentence. However, if the same defendant performed the exact amount of cooperation but completed it one month *after* sentencing, then pursuant to a Rule 35(b) motion, *Chapman* would allow the court could consider not only the defendant's substantial assistance, but also other § 3553(a) factors. There is no principled reason for the distinction. The cooperation was the same and the § 3553(a) factors were present in both instances. Only the timing was different.

Allowing the consideration of § 3553(a) factors to be depending solely upon the timing of a government motion would improperly skew the sentencing process. If a defendant could provide substantial assistance to the government and was subject to a mandatory minimum sentence, such a defendant would be wise to delay any cooperation with the government until after he was sentenced, thereby obtaining the benefit of being able to argue § 3553(a) factors at the Rule 35(b) hearing when the court reduced his sentence. Such a result would impede the government's efforts to timely investigate other crimes and persons by creating an incentive for defendants to delay their cooperation until after sentencing.

Likewise, limiting the consideration of § 3553(a) factors to Rule 35(b) hearings allows the consideration of such factors at a time when a defendant is least able to adequately present those factors to the court. At the time the defendant is originally sentenced, he is personally present in court. He is represented by counsel and able to present witnesses on his own behalf. It is at the

original sentencing hearing where § 3553(a) factors can best be evaluated by the sentencing judge. At a Rule 35(b) hearing, however, the defendant is rarely personally present. Most such hearings are conducted with the defendant present only by telephone. Such hearings do not afford a defendant all the benefits present at an original sentencing hearing, and it is illogical to allow a defendant to present § 3553(a) in such a hearing but not at his original sentencing hearing. Such a process is inefficient, for it prohibits consideration of § 3553(a) factors when the court is most capable of evaluating the fully, but allows their consideration when the court is in the worst position to do so.

### E. Conclusion

Section 3553(a) requires a district court to consider all of the factors enumerated in that statute when imposing a sentence, without qualification. Although the Seventh Circuit in *Thomas* held that a court could not consider any factors other than those related to cooperation when imposing sentence pursuant to a § 3553(e) motion, the court relied upon the then mandatory guidelines in reaching this conclusion. Because the guidelines are now advisory and § 3553(a) is the touchstone of sentencing, the holding in *Thomas* must be reinterpreted in light of *Booker* and § 3553(a). When § 3553(e) is read in light of *Booker*, *Chapman*, and § 3553(a), it is clear that a court may consider § 3553(a) factors when imposing a sentence upon a § 3553(e) motion made by the government. Such an interpretation respects the mandate in § 3553(a), leads to a uniform practice for Rule 35(b) and § 3553(e) motions, and allows for the efficient and logical use of the court's resources.

Respectfully submitted,

PRODION D. WARD, Defendant

s/ Robert A. Alvarado

ROBERT A. ALVARADO
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
Fax: 309/671-7898
E-mail: robert_alvarado@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Brad Murphy, One Technology Plaza, Suite 400, Peoria, IL 61602.

        s/ Robert A. Alvarado

_____
ROBERT A. ALVARADO
Attorney for Defendant
Federal Public Defender's Office
401 Main St., Suite 1500
Peoria, IL 61602
Phone: (309) 671-7891
Fax:: (309) 671-7898
E-mail: robert_alvarado@fd.org