IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07-10003 |
| PRODION D. WARD, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
COMMENTARY ON SENTENCING FACTORS**

The United States of America, by its attorneys, Rodger A. Heaton, United States Attorney, and Bradley W. Murphy, Assistant United States Attorney for the Central District of Illinois, and in response to defendant's commentary on sentencing factors, states as follows:

1.  The defendant misinterprets *United States v. Chapman*, ___ F.3d ___ (7th Cir. 2008), 2008 WL 2685421, as authorizing a district court to consider § 3553(a) factors in conjunction with a § 3553(e) motion to sentence a defendant below the statutory mandatory minimum.

2.  In *Chapman*, the court of appeals considered two defendants' appeals from the district court's reduction of their sentences upon government motions under Rule 35(b). For both defendants, the district court (W.D. WI) adjusted the

offense level downward based on the extent of substantial assistance, and then sentenced the defendants within the new Guidelines ranges, after considering the Section 3553(a) factors. *See Id.* at *1. Because the court's sentences toward the high end of the new Guidelines ranges resulted in higher sentences than each defendant sought, they appealed. The court of appeals upheld the district court's reliance on the defendants' criminal histories in determining the extent of the substantial-assistance adjustment. *Id.* at *3. The court declined to consider the defendants' argument that the district court was required to consider the Section 3553(a)(6) factor of sentencing disparity in determining the extent of a Rule 35(b) sentencing reduction because if found that the court had indeed considered that factor. *Id.* at *4 - *5.

    3.    The defendant misconstrues *Chapman* as authorizing a de novo resentencing under Rule 35(b) based on the Section 3553(a) factors. The court stated: "[A] faithful and pragmatic adherence to the mandate of 18 U.S.C. 3553(a) counsels that the nature and extent of any reduction be determined in light of all the sentencing factors set forth in the statute." *Id.* at *3. Because the court was dealing with a "reduction" of the preexisting sentence based on substantial assistance, not an attempt by a district court to resentence a defendant de novo, a sentencing reduction under Rule 35(b) should not be a resentencing de novo governed by Section 3553(a).

4. *Chapman* should not be read overbroadly to countenance a district court conducting a complete § 3553(a) resentencing upon a government Rule 35(b) motion. *Chapman* approved (*Id.* at *3) of the way the Ninth and Eleventh Circuits handled similar claims by defendants in *United States v. Doe*, 351 F.3d 929 (9th Cir. 2003), and *United States v. Manella*, 86 F.3d 201 (11th Cir. 1996). Both these cases explicitly state the proposition that " 'the only factor that may militate *in favor of* a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may militate *against* granting a Rule 35(b) reduction,' or 'the factors that may militate in favor of granting a smaller reduction.' " *Doe*, 351 F.3d at 933, *quoting Manella*, 86 F.3d at 204. *Chapman* should be understood in this same light.

5. Because the defendant misconstrues the extent of *Chapman* in the Rule 35 context, the government believes it would be erroneous to extrapolate *Chapman* to authorize the district court to consider § 3553(a) factors in conjunction with a § 3553(e) motion to sentence a defendant below the statutory mandatory minimum.

6. The defendant's request to apply *Chapman* to his sentencing hearing should be denied.

UNITED STATES OF AMERICA

RODGER A. HEATON
UNITED STATES ATTORNEY


 s/:  Bradley W. Murphy
Bradley W. Murphy
Assistant United States Attorney
One Technology Plaza, Suite 400
211 Fulton Street
Peoria, Illinois 61602
Telephone: 309/671-7050

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Robert A. Alvarado, Assistant Federal Public Defender.

        s/: Kim Ritthaler
        Legal Assistant